(119 App. Div. 64)

### ROAKE v. PALMER.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

ATTORNEY AND CLIENT—CONTRACT FOR FEES—CONSTRUCTION—SUBSTITUTION OF ATTORNEY.

A contract for attorney's services provided that defendant employed plaintiff to compromise, sue for, or collect a specified claim, and in consideration of plaintiff's services defendant agreed to pay "25 per cent. thereof for either of such, or of such property as he (plaintiff) may secure therefor," to be payable on settlement, entry of judgment, or voluntary discontinuance or substitution. *Held,* that such agreement contemplated payment for plaintiff's services only on a collection of the claim; and hence. on defendant's exercise of the right to substitute another attorney in plaintiff's place prior to the collection of any part of the claim, plaintiff could not recover under the contract, but was at most only entitled to the value of his services rendered.

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Elijah L. Roake against Charlotte N. Palmer. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, RICH, and GAYNOR, JJ.

Sanford S. Gowdey, for appellant.

Charles H. Haubert, for respondent.

JENKS, J. This action is by an attorney at law against his client upon the following contract:

"I hereby retain and employ Elijah L. Roake as my attorney and counsel to settle or compromise, sue for or collect, the sum of ten hundred and fifty dollars and interest from March 2, 1900, due me from H. C. and C. L. Baker and H. S. Stewart; and he having rendered services for me in such connection, in consideration thereof, or for such services as he may render in the future therein, I hereby agree to pay him twenty-five per centum thereof for either of such, or of such property as he may secure therefor, all the same to be payable to him or transferable to him or his assigns on settlement, entry of judgment, or voluntary discontinuance or substitution thereof or therein.

"[Signed]    L. N. Palmer."

The attorney brought action upon the claim. Issue was joined, and the case was placed on the trial calendar. At this stage the attorney, at the instance of the defendant, gave a substitution. The court instructed the jury that, if they found that this contract was executed by the parties, the plaintiff was entitled to recover the percentage named. The jury rendered its verdict for the plaintiff.

I am, of opinion that the plaintiff did not make out a cause of action upon the contract. The intention of the parties is not that the attorney absolutely and in any event should receive as compensation one quarter of the amount of the claim. The language, "I hereby agree to pay him twenty-five per centum thereof for either of such, or of such property as he may secure therefor," contemplates a collection of the claim and a percentage upon the amount thereof. There is not the slightest evidence, but the contrary, that any amount has ever been realized upon the claim. The contract does not intend that if there be a "substitution therein" then, irrespective of any realization upon the claim, the plaintiff should receive absolutely and in any event one-

fourth of the amount of the claim; but that provision is likewise conditional upon collection upon the claim. A contract which provided in effect that, if the client changed his attorney, in such event the client must pay one-fourth of the claim, irrespective of any recovery, as if by way of penalty for the exercise of the client's right, might well be held unconscionable.

The defendant is not liable upon the contract, in that she demanded a substitution. In Tenney v. Berger, 93 N. Y. 524–529, 45 Am. Rep. 263, the court, per Earl, J., say:

"While the attorney is thus bound to entire performance, and the contract as to him is treated as an entire contract, it is a singular feature of the law that it should not be treated as an entire contract upon the other side; for it is held that a client may discharge his attorney arbitrarily, without any cause, at any time, and be liable to pay him only for the services which he has rendered up to the time of his discharge. Ogden v. Devlin, 45 N. Y. Super. Ct. 631; Trust v. Repoor, 15 How. Prac. 570; Gustine v. Stoddard, 23 Hun, 99."

In any event the plaintiff did not make out a case upon the contract. Upon the facts his remedy, if any, was upon quantum meruit. Badger v. Celler, 41 App. Div. 599, 602, 58 N. Y. Supp. 653, citing Dolan v. Rodgers, 149 N. Y. 495, 44 N. E. 167, and Johnson v. Ravitch, 113 App. Div. 810, 99 N. Y. Supp. 1059. Plaintiff's motion to set aside the verdict and for a new trial was well made.

Judgment reversed, and a new trial ordered; costs to abide the event. All concur.