shipper must be controlled by whatever written contract is entered
into at the time property is received for transportation.

It follows that the judgment appealed from must be reduced in
amount to $50, and, as so modified, affirmed, without costs.

Judgment reduced to $50, and, as so modified, affirmed, without
costs. All concur.

---

## MOREHOUSE v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)·

1. ATTORNEY AND CLIENT—ATTORNEY'S FEES—CONTINGENT FEES.
   An attorney may properly demand a larger compensation for his serv-
   ices where his fees are contingent.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client,.
   §§ 351–357.]

2. APPEAL—FINDINGS—REVIEW.
   A finding that an attorney's contract for fees was conscionable, valid,.
   and lawful could not be reviewed on appeal, where the only testimony of-
   fered against it consisted in a hypothetical question which did not embrace·
   all of the services detailed by the attorney, and which merely asked for the·
   value of the services described therein.

3. ATTORNEY AND CLIENT—ACTION FOR SERVICES—QUANTUM MERUIT.
   Where an attorney had a contract for payment of one-half of any re-
   covery for his services, and the client did not discharge him during the·
   litigation, the attorney was not required to rely for a recovery on quantum.
   meruit.

4. SAME—UNCONSCIONABLE CONTRACT—SIZE OF FEE.
   The mere size of a fee in an attorney's contingent contract for services·
   providing for a payment of 50 per cent. of the recovery did not render the
   contract unconscionable, unless it was induced by fraud, or, under the·
   circumstances of the claim, it was so excessive as to evince a purpose on
   attorney's part to obtain an improper or undue advantage over his client.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client,.
   §§ 351–357.] .

Appeal from Special Term, Kings County.

Action by Wilmot L. Morehouse against the Brooklyn Heights.
Railroad Company. From a judgment for plaintiff, defendant ap--
peals. Affirmed.

See 43 Misc. Rep. 414, 89 N. Y. Supp. 332; 102 App. Div. 627, 92·
N. Y. Supp. 1134.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR,.
and MILLER, JJ.

Charles L. Woody, for appellant.
Wilmot L. Morehouse, in pro. per.

JENKS, J. This case came back for trial after the judgment of·
the Court of Appeals therein, contained in 185 N. Y. 520, 78 N. E.
179. That court decided that the defense (as to which defendant
offered evidence) that the contract between the plaintiff and his client
was unconscionable, and therefore illegal and void, should have been
determined by the trial court, and that the court's failure to find upon,
this issue was a mistrial. This appeal is from the judgment on retrial..

The court has found that the contract between plaintiff and his client was conscionable, valid, and lawful. The court had before it the detailed services of the plaintiff. All of the testimony offered by the defendant consisted in a hypothetical question to a leader of our bar, which did not embrace all of the services detailed by the plaintiff, and which merely asked for the value of the services described therein. One may very properly demand a larger compensation if it is to be contingent, not certain. We would not be justified in disturbing the finding of fact. Lowery v. Erskine, 113 N. Y. 52, 20 N. E. 588. The client did not discharge his attorney during the litigation so as to relegate the attorney to quantum meruit, as discussed in Roake v. Palmer, 119 App. Div. 64, 103 N. Y. Supp. 862, and cases there cited. The retainer expressly provided:

"And I agree to pay said attorney for their services one-half of any amount received in settlement of said claim or action, or judgment recovered, and all costs, allowances, counsel fees, and disbursements, said attorney agreeing not to charge me for their services unless said claim is settled and the money therefor recovered."

The Court of Appeals said in this case that the question whether a contract for 50 per cent. was conscionable was one of fact; that the mere size of the fee does not render it unconscionable, "unless it appears from the evidence that it was induced by fraud, or, in view of the nature of the claim, that the compensation provided for was so excessive as to evince a purpose on the part of the attorney to obtain an improper or undue advantage over his client. Matter of Fitzsimons, 174 N. Y. 15, 66 N. E. 554." See, too, Ransom v. Cutting, 188 N. Y. 447, 81 N. E. 324.

Since the foregoing was written, our attention has been called to the decision of the Court of Appeals in Matter of Snyder (decided November 19, 1907) 82 N. E. 742. The agreement for compensation (50 per cent.) in that case provided that neither party to the agreement should settle any of said litigations without the consent of the other. The client, however, settled the litigation without the consent, and despite the protest of the attorney. The settlement money came into court to respond to the lien, and on motion subsequently made by the client to withdraw one-half of the sum the Special Term directed a reference in order to determine the lien, on the theory that the client by making the settlement had violated the contract with his attorney, that the latter was not limited as to compensation by the terms of the agreement, but was entitled to recover on quantum meruit. The Appellate Division reversed the order, holding, in effect, that the agreement controlled. The Court of Appeals reversed the Appellate Division and sustained the Special Term, holding that the settlement was void as against public policy, and that its invalidity rendered inoperative the provision that the attorney should receive a certain percentage (the two clauses being part of a single plan), and that, therefore, when the client took advantage of the invalidity of one clause, the other could not stand, and as a result the attorney might recover on quantum meruit. But the case at bar does not rest upon a violation of the agreement of retainer. There was no provision therein against settlement, but the action is under the contract which

provided that the attorney should receive one-half of any amount received in settlement or judgment recovered. There is the manifest difference which exists between the rights arising upon a violation of a contract or under it.

The judgment is affirmed, with costs. All concur.