(142 App. Div. 514.)

### MURRAY v. WARING HAT MFG. CO.

(Supreme Court, Appellate Division, Second Department. January 27, 1911.)

ATTORNEY AND CLIENT (§ 150*)—CONTRACTS FOR COMPENSATION—OPERATION.

    Where an administratrix employed an attorney to sue for the death of her decedent, and agreed to pay him 40 per cent. of any recovery or settlement, together with costs and disbursements, and the action was settled by payment of $10,000, the court could not disregard the contract and allow a lesser compensation, on the ground that his labor in procuring a settlement was presumably less than that which would have been required by a trial, in view of Judiciary Law (Consol. Laws, c. 30) § 474, providing that compensation of an attorney is governed by agreement, express or implied, which is not restrained by law.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 354–357; Dec. Dig. § 150.*]

Appeal from Special Term, Westchester County.

Action by Norah Murray, administratrix, against the Waring Hat Manufacturing Company. From an order fixing the attorney's fees of Karl R. Miner, plaintiff's attorney, he appeals. Reversed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

John C. Ten Eyck, for appellant.
Charles P. Easton, for respondent.

JENKS, P. J. The plaintiff in writing retained Karl R. Miner, Esq., to procure letters of administration upon the estate of her husband, and to bring any action or actions that he might deem proper to recover damages for the death of her husband. She agreed to pay to Mr. Miner "an amount equal to 40 per cent. of any recovery or settlement, together with the actual costs and disbursements." This action was thereafter brought. After it was on the calender, and on the eve of trial, it was disposed of by the payment of $10,000, and thereupon it was discontinued. Mr. Miner deducted 40 per cent. of the $10,000, and paid over the balance to his client. A few weeks thereafter the client brought Mr. Miner before the Special Term to show cause why the value of his services should not be determined by it, and why he should not pay over the excess, if any, of the said 40 per cent. retained by him. The ground of the application was that the said 40 per centum is an unreasonable fee for the services rendered. Affidavits were submitted by the client and the attorney respectively, but at the outset the attorney's counsel objected to the hearing and determination of the matter as a motion, for the reason that the court had not jurisdiction, in that the action had been discontinued, and in that the court had no power to determine the value of the services in the teeth of the agreement for compensation, which had been executed and performed. The court reserved its ruling on the objections, and proceeded to take testimony. It did not pass specifically upon the objection, but decided that the fees of Mr. Miner should be fixed at $2,000, exclusive of certain specified disbursements. The attorney appeals from the order that was thereupon entered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The learned Special Term handed down an opinion, as follows:

"When the agreement described in the papers was made between Mrs. Murray and her counsel, Mr. Miner, it was marked with absolute candor and good faith. The lawyer rightly thought that he would be obliged to prepare for and conduct a trial in court, and afterwards probably argue an appeal. With this work ahead of him the agreement cannot be considered as unrighteous. But as it turned out, the case was settled before any trial was had, and consequently the lawyer was not called upon to do the work which he bargained to do, I think a reasonable reduction should be made the client. I think $2,000 would be fair compensation."

I think that the agreement contemplates such a disposition as was made of this claim, for it specifically covered either recovery or settlement. Thus the learned Special Term, although it recognized an agreement marked by "candor and good faith," nevertheless brushed aside the attorney's compensation determined therein as for either recovery or settlement, because the attorney's labor that secured a settlement was presumably less than that which would have been required to secure a recovery. To say that the attorney was not required to do the work which he had bargained to do is not accurate. His fees were not contingent upon a recovery, but upon a recovery or settlement, and he had not, therefore, bargained to do the work incident to a recovery, unless such work were necessary to secure a proper compensation for his client. It is not even suggested that the result attained did not secure a proper compensation.

The learned court further says that the "agreement cannot be considered as unrighteous," in view of the "work ahead of" the attorney, meaning, as the context shows, that it was not unrighteous, in that the services might cover the preparation and conduct of a trial, and the probable argument of an appeal. It would seem to follow that the court thought the agreement was unrighteous, if at all, in that the services actually rendered were less, in that the defendant admitted liability and discharged it, without the test of a trial. But, as I have noted, the agreement between client and attorney contemplated this outcome, as well as that of trial and appeal.

Section 474 of the judiciary law (Consol. Laws, c. 30) provides:

"The compensation of an attorney or counsellor for his services is governed by agreement, express or implied, which is not restrained by law."

As I have said, the court decided that the contract "was marked with absolute candor and good faith." The terms thereof were not unconscionable. Morehouse v. Brooklyn Heights R. R. Co., 185 N. Y. 520, 78 N. E. 179. If the compensation seemed large when finally determined by the resistance of the defendant to the claim, it must be remembered that the compensation agreed upon was contingent, and therefore properly larger than if absolute (Morehouse v. Brooklyn Heights R. R. Co., 123 App. Div. 680, 108 N. Y. Supp. 152, affirmed 195 N. Y. 537, 88 N. E. 1126), and that, when entered into, the extent of the services required could not be forecast. I think that the court had no power, upon the grounds taken by it, either to disregard the agreement or to reform it.

So far as the case presents the feature of an administrator, it is, I think, disposed of by the judgment in Lee v. Van Voorhis, 78 Hun,

575, 29 N. Y. Supp. 571, affirmed 145 N. Y. 603, 40 N. E. 164. Nothing now decided is at variance with Matter of Friedman, 136 App. Div. 750, 121 N. Y. Supp. 426, affirmed 199 'N. Y. 537, 92 N. E. 1085. In that case the attorney invoked the interposition of the court; in the case at bar the attorney stood upon the agreement and protested.

The order is reversed, but without costs. All concur.