### DE ANGELIS v. BANK FOR SAVINGS.

(Supreme Court, Appellate Term.   December 11, 1911.)

ATTORNEY AND CLIENT (§ 75*)—SUBSTITUTION OF ATTORNEY—LIEN FOR SERVICES.

An attorney, having contracted to prosecute an action for $225 and the costs and disbursements, if he was successful in recovering the amount claimed, was discharged, and a new attorney substituted, after his complaint had been dismissed. In the substitution proceedings, he prayed a provision for a lien; but there was no evidence as of the value of his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

services rendered, nor any reason why he was entitled for the services rendered to the whole amount contracted for. *Held*, that he was not entitled to the compensation provided by the contract, but only to a lien for the value of the services rendered, to be determined if plaintiff secured a judgment in the action.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 115; Dec. Dig. § 75.*]

Appeal from City Court of New York, Special Term.

Application by Giuseppina De Angelis against the Bank for Savings. From so much of an order of the City Court of New York as provides that Gustav Goodman, plaintiff's former attorney, had a lien on any recovery had in a case to the extent of $225, plaintiff appeals. Modified.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Michael O. Rini (George A. Baker, of counsel), for appellant.
Emanuel Van Dernoot, for respondent.

LEHMAN, J. The plaintiff employed an attorney under a written contract to prosecute this action against the Savings Bank to recover the amount due under a certain account, and agreed to pay the attorney the sum of $225 and the costs and disbursements of the action, "provided he is successful in recovering the amount on deposit, whether by action, settlement, or otherwise." The attorney agreed that he is to receive no compensation for his services unless he is successful.

The action came to trial, and the complaint was dismissed. Thereafter the plaintiff moved for a substitution of attorneys, alleging no misconduct against his original attorney, and offering to pay him the amount of his disbursements. The original attorney asked the court that, if an order be entered substituting another attorney, the same provide for the payment of his disbursements, and that some provision be made in said order to protect his lien upon any verdict, decision, or judgment hereinafter procured by the plaintiff to the extent of $225. The trial justice then entered an order providing for a substitution upon payment of the disbursements. The order also contained a provision that the original attorney "have a lien on any recovery had herein upon the cause of action set forth in the complaint to the extent of $225." The plaintiff appeals from this provision.

It is not seriously disputed that the attorney is entitled to a lien for the compensation to which he may be entitled for his services. He is not entitled, however, to compensation under the written contract. The attorney is bound to entire performance, and cannot recover under the contract until he has obtained the money on deposit. Roake v. Palmer, 119 App. Div. 64, 103 N. Y. Supp. 862; Johnson v. Ravitch, 113 App. Div. 810, 99 N. Y. Supp. 1059.

"While the attorney is thus bound to entire performance, and the contract as to him is treated as an entire contract, it is a singular feature of the law that it should not be treated as an entire contract upon the other side; for it is held that a client may discharge his attorney arbitrarily without any cause at any time, and be liable to pay him only for the services which he has rendered up to the present time." Tenney v. Berger, 93 N. Y. 524, at page 529 (45 Am. Rep. 263).

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In this case there is no evidence of the value of the services up to the present time, and no reason appears why these services should have been appraised after a dismissal of the complaint at the same amount which the parties agreed should be paid only if the proceedings were carried to a successful termination.   Upon the affidavits presented, the order should have contained a provision that the lien of the attorney for the value of his services should be preserved, the amount of the lien to be fixed either by the court or the referee, if the plaintiff ever secured a judgment in the action.

The order, so far as appealed from, should be reversed, with $10 costs and disbursements, and the proceedings remitted to the court below for further action.   All concur.