Matter of the Judicial Settlement of the Account of
Proceedings of MARY WEBER, as Administratrix of
CHARLES WEBER, Deceased.

(Surrogate's Court, Bronx County, February, 1918.)

Accounting — by administratrix — objections to account — actions —
contracts — executors and administrators — retainer — attorneys —
services.

Upon the settlement of the accounts of an administratrix, it
appeared that the only asset of the estate was the sum of
$17,194.36, the total amount of recovery in an action for
damages resulting in decedent's death. The accountant showed
a payment to the attorney retained by her of $8,597.18, fifty
per cent of the amount recovered by her, and the special guard-
ian objected to the payment thus made upon the ground that
it was excessive and unreasonable in amount and not a proper
credit to the extent claimed. It was contended that the
contract of employment was of no effect and that the only
question before the court was whether the amount the adminis-
tratrix paid her attorney was a fair and reasonable compensa-
tion for the services shown to have been rendered. In dis-
missing the objections, it was

*Held*, (1) that as the right to bring an action is given by
the Code to the administratrix, and as it was necessary for
her to have the services of an attorney to do this, she must
be deemed empowered to engage such services, and, as an
incident thereto, to agree upon the compensation that should
be given therefor with the qualification that the amount so
agreed upon is fair and reasonable; that the surrogate may not
upon the final accounting of the personal representative entirely
disregard a contingent contract for legal services and proceed
to fix the value of the services upon the theory of *quantum
meruit* and surcharge the account if it appears that the com-
pensation paid exceeded the value of the actual services
rendered.

(2) That the contract must govern unless it is unconscionable
or unreasonable and that, while retainers of fifty per cent
have been held unconscionable in specific instances and are

generally regarded with disfavor, such retainer as a matter of law is not excessive and does not render the contract unconscionable;

(3) That each case must be decided upon its own facts, and that whenever such an agreement comes before the court on objection' it will be carefully scrutinized and the personal representative will be required to show that the payment is reasonable and conscionable before it will be allowed.

PROCEEDINGS on the judicial settlement of the account of an administratrix.

Frank L. Tyson, for administratrix.

Edmund D. Hennessy and Louis Hartman, special guardians, for infant parties.

SCHULZ, S. The decedent died as the result of injuries sustained through the alleged negligence of the New York Railways Company. On the day of his death the father of the accounting administratrix and petitioner in this proceeding called upon an attorney, who was later upon the same day retained in writing by the petitioner. By the contract of employment he was to prosecute the claim arising out of the death of her husband, the decedent, and it was agreed thereby that she was to receive one-half of the verdict rendered or settlement effected and that the attorney was to retain for his services the balance derived from said suit or settlement. Subsequently such proceedings were had that a judgment was recovered in the sum of $16,000. An appeal was taken and other proceedings had, all of which finally resulted in the collection of the judgment with interest amounting at the time of the payment to the total sum of $17,194.36.

The decedent owned no property, and his administratrix is now accounting for the amount thus received by her and asking for a decree directing distribution

among those entitled thereto. In her accounting she shows a payment to the attorney retained by her of fifty per cent of the sum received upon the judgment, which amounts to $8,597.18. She also credits herself with two other items paid, that is, the undertaker's bill amounting to $184, and the premium on the bond of the administratrix, $87.50, leaving a balance distributable to the next of kin of $8,325.68.

The next of kin entitled to distribution with the widow are four minor children, two of whom are children of the decedent by a former marriage, the other two being the children of the decedent and the petitioner. Of the petitioner's stepchildren one is over the age of fourteen years, and upon the latter's petition for the appointment of a special guardian designated by him an order was made appointing the attorney selected by him as his special guardian and also as the special guardian of the other infants whose interests were identical with those of the petitioning infant.

The special guardian objects to the payment made to the attorney as aforesaid upon the ground that it " is excessive and unreasonable in amount and is not a proper credit to the extent claimed," and he also claims that the accountant is chargeable with interest on the moneys which should be in her hands, until the entry of the decree herein. His contention is that the contract of employment is of no effect, that in passing upon his objections I am to give no consideration to it and that the only question before me is whether the amount which the administratrix has paid to the attorney is a fair and reasonable compensation for the services shown to have been rendered by him. In support of that contention he cites *Matter of Meng*, 96 Misc. Rep. 126. As I said to counsel upon the argument, I do not read the decision in the *Meng* case to go quite

so far as to hold that no consideration at all is to be given to the contract of employment. The surrogate in that matter stated that, in view of the surrogate's power to fix the reasonable amount of the expenses, the agreement with the personal representative ought not, in his opinion, to control him, " if, in his judgment, such amount is unreasonable." The very fact that the surrogate must determine the question whether " such amount " is reasonable or unreasonable implies that he is to consider the agreement in which " such amount " is provided for.

Section 1903 of the Code of Civil Procedure, which governs the distribution of damages recovered in an action for death, specifically provides that " The reasonable expenses of the action   *   *   *   may be fixed by the surrogate,   *   *   *   and may be deducted from the recovery."

Section 474 of the Judiciary Law (being Laws of 1909, chap. 35 and constituting chap. XXX of the Consolidated Laws) provides that " The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law." As the right to bring action is given by the Code to the administratrix (Code Civ. Pro. § 1902) and as it was necessary for her to have the services of an attorney to do this, " She must, therefore, be deemed empowered to engage such services, and, as an incident thereto, to agree upon the compensation that should be given therefor, with the qualification that the amount so agreed upon is fair and reasonable." *Lee* v. *Van Voorhis,* 78 Hun, 575; affd., on opinion below, 145 N. Y. 603, citing *Matter of Hynes,* 105 id. 560; *Taylor* v. *Bemiss,* 110 U. S. 64. Such agreement may provide for a contingent fee. *Lee* v. *Van Voorhis, supra; Murray* v. *Waring Hat Mfg. Co.,* 142 App. Div. 514.

I cannot reconcile the contention made with the law as thus enunciated. If the making of a contingent contract for legal services by a personal representative is sanctioned as it appears to be, it follows in my opinion that the surrogate may not upon a final accounting of the personal representative entirely disregard that contract, proceed to fix the value of the services upon the theory of *quantum meruit* and surcharge the account if it appears that the compensation paid exceeded the value of the actual services rendered. If it appears that there was fraud in the making of the agreement or that the contract provided for a grossly excessive remuneration or was unconscionable then, of course, the court has a right under said section 1903 to interfere. I see no reason to change the opinion I held when I wrote the memorandum in *Matter of Generose Vena,* N. Y. L. J. September 20, 1917, to the effect that the contract must govern unless it is unconscionable or unreasonable.

The amendment of section 1903 of the Code of Civil Procedure in the year 1911 by chapter 122 of the Laws of that year, adding the word " reasonable " was recently held by the Court of Appeals not to have affected the section in question because it was always implied in the section that the remuneration would have to be reasonable. *Matter of Atterbury,* 222 N. Y. 355. It follows, therefore, that the cases decided prior to the amendment of 1911 are still controlling precedents in the present state of the law.

I proceed then to a consideration of the agreement. While in specific instances retainers of fifty per cent have been held unconscionable (*Herman* v. *Metropolitan Street Railway Company,* 121 Fed. Repr. 184), and I think are generally regarded with disfavor, there is no adjudication that I know of and none has been drawn to my attention which holds that such a retainer

is as a matter of law excessive and renders the contract unconscionable. In *Morehouse* v. *Brooklyn Heights R. R. Co.,* 123 App. Div. 680; affd., no opinion, 195 N. Y. 537; in *Matter of Fitzsimons,* 174 id. 15, and in *Taylor* v. *Bemiss, supra,* fifty per cent retainers were before the court and were not condemned for that reason.

In *Morehouse* v. *Brooklyn Heights R. R. Co.,* 185 N. Y. 520, 525, the Court of Appeals said: " The question, however, as to whether such a contract is unconscionable is one of fact depending upon the character of the claim and the amount of services to be rendered in prosecuting it to judgment." And again at page 526: " So that the mere fact that the attorney under the agreement was to receive one-half does not render it unconscionable, unless it appears from the evidence that it was induced by fraud, or, in view of the nature of the claim, that the ·compensation provided for was so excessive as to evince a purpose on the part of the attorney to obtain an improper or undue advantage over his client. (*Matter of Fitzsimons,* 174 N. Y. 15.) "

There is no intimation of fraud in the making of the instant contract. The attorney did not solicit the business and there is no evidence of any kind to show that he attempted or obtained any improper or undue advantage over the petitioner. She is apparently satisfied with the arrangements that were made and asks that the credit be allowed. An examination of the services which were rendered in this matter by the attorney and the counsel whom he employed, and who is to be paid out of his share, leads me to the conclusion that in this case the amount received was not so grossly excessive as to require any intervention by the court.

Although the amount paid under the contract may

be somewhat larger than the compensation, if based upon a *quantum meruit,* it does not necessarily make the remuneration received excessive, for as the court said in *Murray* v. *Waring Hat Mfg. Co., supra,* 517: "If the compensation seemed large when finally determined by the resistance of the defendant to the claim, it must be remembered that the compensation agreed upon was contingent, and, therefore, properly larger than if absolute (*Morehouse* v. *Brooklyn Heights R. Co.,* 123 App. Div. 680; affd., 195 N. Y. 537), and that when entered into, the extent of the services required could not be forecast." I believe that the administratrix sincerely and honestly used every effort to obtain as large an amount as possible for herself, her children and her stepchildren, and that the attorney and counsel acted with ability and diligence and rendered services which resulted in obtaining a much larger amount than would otherwise have become available for distribution. Under these circumstances I do not believe that the administratrix should be surcharged with any part of the fee paid by her.

It must not be assumed, however, that this court generally looks with favor upon contracts of employment which provide for the payment of fifty per cent to attorneys. Each case must be decided upon its own facts, and whenever such an agreement comes before this court upon objections it will be carefully scrutinized and the personal representative will be required to show that the payment is reasonable and conscionable before it will be allowed. In this pending matter I think this has been done and the objection to the amount of the fee paid will therefore be dismissed.

With regard to the second objection, namely, as to the interest on the amount which the accountant has or should have in hand, it appears that the account

Surrogate's Court, Bronx County, February, 1918.    [Vol. 102.

was verified within two days after the amount of the judgment was received. The administratrix of course is only accounting up to the time of the verification of her account, and whatever decree is entered herein will discharge her as to items received and disbursed as shown therein. As only two days elapsed between the date of the receipt of the money and the verification of the account and there is no proof that any interest had in fact accrued in that short period, the objection in question is also dismissed.

Decreed accordingly.