In the Matter of the Application of MAX LIEBERGALL, Respondent, to Fix the Lien of ALEXANDER KARLIN, His Attorney, Appellant.

First Department, December 5, 1919.

**Attorneys — substitution — necessity for order of court where no proceeding pending — validity of percentage contract — right of attorney dismissed after close of proceeding to recover on contract — right to hearing on question whether fraud of attorney vitiated contract.**

A client has the absolute right to change his attorney at any time.
Unless there be some action or proceeding pending in the courts no order of the court is necessary or proper substituting one attorney for another.
A contract between an attorney and his client fixing the amount of compensation upon a percentage of the amount to be recovered in the action or proceeding is valid and will be enforced unless the agreement was

induced by fraud or the attorney has taken some unconscionable advantage of the client.

Where an attorney was engaged to institute proceedings to have his client reinstated as a civil service employee under a contract for a certain percentage of whatever amount the client recovered as back pay, and the proceedings were successful and the client reinstated, a dismissal of the attorney after the close of the proceedings, merely because he had filed a notice of his lien which prevented the client, without satisfaction of the lien, from drawing his back pay, does not relegate the attorney to an action in *quantum meruit* to recover for his services, but he may recover upon the contract.

In proceedings to fix the lien of an attorney who was dismissed after the close of proceedings instituted by him, and whose compensation for services was fixed by a contract with the client, the question as to whether the attorney had practiced such fraud upon the client in the making of the contract as to vitiate it, should not be determined upon conflicting facts presented by the petition and the answering affidavits, but the matter should be adjudicated after the taking of testimony upon the allegation of fraud set forth in the petition.

APPEAL by Alexander Karlin from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 19th day of August, 1919, substituting another attorney herein and fixing the compensation of the discharged attorney.

*Alexander Karlin*, appellant, in person.

*Nathan Kelmenson*, for the respondent.

PAGE, J.:

Max Liebergall, who held a civil service position as second grade clerk in the park department, city of New York, borough of The Bronx, volunteered and became a private in the chemical warfare division of the United States government. He was thereupon discharged from his position without a hearing. In seeking reinstatement he consulted Alexander Karlin, retained his services and executed the following agreement as appears from the respondent's brief:

" I, Max Liebergall, do hereby retain Alexander Karlin as my attorney to commence suitable proceedings on my behalf, for the purpose of obtaining my reinstatement as second grade clerk in the Department of Parks, Borough of

Bronx, City of New York, and do further authorize the said Alexander Karlin to commence suitable proceedings to collect back-pay due to me from the City of New York, and I do hereby agree to pay the said Alexander Karlin for his professional services fifty per cent. (50%) of whatever amount shall be paid herein for back-pay, whether by suit, judgment, compromise or otherwise."

Karlin thereupon instituted a proceeding for a peremptory writ of mandamus. The matter was adjourned several times at the request of the corporation counsel and during the pendency of proceedings the assistant corporation counsel in charge of the matter informed Karlin that he had advised the commissioner of parks to reinstate petitioner in his position. The matter came on for a hearing at Special Term, the corporation counsel filed an affidavit in which he set forth that he had recommended that the petitioner be reinstated in his position, and that the petitioner was entitled to back pay. The justice stated that he had no power in that proceeding to order the city to pay to the petitioner his back pay. Thereupon the proceeding was discontinued. In the meantime Karlin had filed a notice of his lien with the comptroller of the city of New York. Liebergall thereafter filed a petition in this proceeding, in which he states that by reason of the fact that Karlin has filed a notice of lien with the comptroller of the city of New York he cannot get his back pay, and further states:

" That before the amount of his back pay will be determined, deponent is informed some hearings will have to be had and that the deponent would like to be represented by counsel, but owing to the friction of your petitioner and said Alexander Karlin, deponent would like to employ other counsel but has no means of doing so."

The court ordered: " That Nathan Kelmenson, Esq., is hereby substituted instead of Alexander Karlin, Esq., upon the payment of $150.00 by the petitioner to said Alexander Karlin as the attorney's compensation which is hereby fixed at that amount."

The client has the absolute right to change his attorney at any time.

Unless there be some action or proceeding pending in the

courts, no order of the court is necessary or proper substituting one attorney for another. The right of an attorney to enter into a contract fixing the amount of his compensation upon a percentage of the amount to be recovered in the action or proceeding is well settled, and the court will recognize and protect the attorney's right to such compensation unless he has forfeited his right by some misconduct on his part, or unless the agreement was induced by fraud or the attorney has taken some unconscionable advantage of the client. As was said in *Matter of Fitzsimons* (174 N. Y. 15, 23): "In view of the fact that by express statute the right is conferred upon an attorney or counselor to regulate the amount of his compensation by agreement with his client, which is unrestrained and unlimited by law, we cannot see how such an agreement can be interfered with and held illegal until the question has been fully and fairly investigated and the facts relating to the transaction plainly established by a trial. The statute conferred upon the parties the right to make the contract, and conferred upon the court no authority to make it for them. If, however, upon a proper examination of the appellant's claim, it shall be found that the agreement between himself and his client was induced by fraud, or that the compensation provided for was so excessive as to evince a purpose to obtain improper or undue advantage, the court may correct any such abuse."

The attorney was not dismissed during the pendency of the proceeding but apparently was dismissed merely because he had filed a notice of his lien with the comptroller of the city of New York which prevented the client, without satisfaction of the attorney's lien, from drawing his back pay. It does not appear from the petition that any further legal proceedings would be necessary to secure the petitioner's back pay. Where an attorney has not been dismissed during the pendency of the proceeding he will not be relegated to a *quantum meruit*. (*Morehouse* v. *Brooklyn Heights R. R. Co.*, 123 App. Div. 680.) Liebergall, in his petition, states that Karlin, after the statement of facts to him, said that the questions of law involved in the proceeding were very intricate and of a mooted nature; that the proceedings would undoubtedly have to be started in the Supreme Court and carried to

the appellate tribunal; that the matter would require his attention and skill for a period of at least one year. This is denied by Karlin, who is supported in his denial by the affidavit of Joseph S. Israel, who was present at the interview at which the agreement of retainer was made. The court should not have determined on these conflicting statements that Karlin's conduct had been such as would vitiate his contract.

The matters in controversy between the attorney and client should be adjudicated after the taking of testimony upon the allegations of fraud. The order, therefore, will be reversed, with ten dollars costs and disbursements, and the matter referred to Hon. John W. Goff, official referee, to take testimony and report the same with his opinion to the Special Term of the Supreme Court, Bronx county.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and matter referred to Hon. John W. Goff, official referee, to take testimony and report the same with his opinion to the Special Term of the Supreme Court, Bronx county.