Nichols M. Pette, J.
This is a proceeding by the former attorney of two plaintiffs, husband and wife, in a personal injury and loss of service action to determine his lien thereon, pursuant to section 475 of the Judiciary Law.
It appears without contradiction that the petitioner and his former clients entered into a retainer agreement, wherein he was to receive 40% of the amount recovered by suit, settlement or otherwise, and that the plaintiffs were to pay out of their 60% all necessary disbursements and charges, and that on March 22, 1957, at a pretrial hearing before one of the Justices of this court, the case was marked “ settled ” for $13,000.
The court has no doubt, although petitioner’s former clients deny it, that they authorized him, albeit reluctantly, to settle their claims for a sum approximating the amount for which the case was marked “ settled.” However, before the pretrial hearing, they consulted another attorney and concluded in his office on March 21, 1957 to discharge the petitioner and so advised him by a special delivery registered letter, dated that day, return receipt requested. On March 23, 1957 the return receipt post card was delivered at the home of petitioner’s former clients showing that he had received the letter on March 22, 1957, the day that the action was marked ‘‘ settled ’ ’ at the pretrial hearing. On the morning of that day, it appears that a representative of the new attorney telephoned petitioner’s office and was advised that he was not there, but petitioner’s secretary admitted that the registered letter above referred to had already been received. He left a message for petitioner to telephone him and at 3 o’clock on that day, he did so, informing bim that he had settled the case that morning for $13,000. This settlement, of course, was rejected, and since no agreements with respect to petitioner’s fee could be arrived at, this proceeding was brought in which petitioner seeks a lien to the extent of 40% of the $13,000 settlement, or the sum of $5,200, “plus a suitable amount for costs and legal disbursements found to be due petitioner for services and disbursements heretofore rendered in the above entitled action.”
The respondents contend that the amount of the lien sought by petitioner is excessive in view of the services performed and the alleged unauthorized settlement. Their new attorney asks that this court establish a lien for the petitioner based upon the *924 fair and reasonable value of the services rendered by him under all of the circumstances.
Under section 474 of the Judiciary Law, petitioner and his former clients, both competent adults, could freely agree upon the terms of his compensation for services to be rendered in prosecuting their action for damages. Since there is no claim or proof that the compensation provided in the retainer here involved was so excessive as to evince a purpose to obtain improper or undue advantage, this court would have no power to disregard the retainer had the settlement been consummated. But it has not been consummated and petitioner was discharged on the very day of the pretrial conference, although it would seem that he was not in his office when the letter discharging him and directing him to take no further steps in the action was received. However, he knew that afternoon that he was no longer the. attorney in the case. Yet, according to his own petition he states: “ On March 26, 1957, the Honorable Justice Rabin confirmed the settlement negotiated on March 22, 1957, in the amount of $13,000, for both plaintiffs.” Under these circumstances, petitioner is entitled to have his lien fixed on a quantum meruit basis for services rendered until the date of his discharge. (Lurie v. New Amsterdam Cas. Co., 270 N. Y. 379, 381.) Particularly is this so where, as here, the attorney himself has invoked the interposition of the court. (Matter of Friedman, 136 App. Div. 750, affd. 199 N. Y. 537; cf. Murray v. Waring Hat Mfg. Co., 142 App. Div. 514, 517.)
This case is distinguishable from Wojcik v. Miller Bakeries Corp. (2 N Y 2d 631). In that case, the original retainer agreement in a negligence action had been terminated by a stipulation of substitution signed by both of the attorneys and the client after the discharge of the original attorney. Since this new agreement fixing the compensation of the first attorney had not been rescinded, indeed, had not even been questioned, it was held that Special Term could not fix the lien of the first attorney in an amount other than that set forth in the stipulation of substitution. Here, we are dealing with the original retainer which the petitioner himself seeks to enforce after he has been discharged in a pending action, the settlement of which has been rejected by his clients, to whom the action after all belongs.
A consideration of the services rendered by the petitioner, as described in his petition, and his efforts to settle the action, the original offer in which was only $1,500 and which through several stages was increased to $13,000, leads the court to the conclusion that the reasonable value of all services rendered *925 by the petitioner is the sum of $3,500, which shall be a charging lien on the first $13,000 which the petitioner’s former clients may receive in their action by way of settlement, judgment or otherwise.
Settle order.