JOHNSON v. RAVITCH et al.

(Supreme Court, Appellate Division, Second Department. June 27, 1906.)

1. ATTORNEY AND CLIENT—EMPLOYMENT—TERMINATION—RIGHT OF CLIENT.

A client may change his attorneys at will, with or without cause.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 110–116.]

2. SAME—COMPENSATION—ALLOWANCE—INADEQUACY.

An attorney employed by a client to prosecute a personal injury action for a contingent fee did nothing except draw the complaint and put the cause on the calendar when the client applied for an order to substitute another attorney in his stead. The question of the compensation of the attorney was submitted to the court. The judge knew the

attorney. *Held*, that an allowance of $50 for the services would not be disturbed because inadequate.

**3. SAME—SUBSTITUTION—LIEN—PROTECTION.**

An order substituting one attorney for an attorney under contract to prosecute an action for a part of the sum recovered gave to the superseded attorney a first lien for his compensation on the sum which might be recovered, and ordered him to deliver the papers in the case to his successor. *Held*, that the attorney's lien was preserved.

**4. SAME—CONTRACT OF EMPLOYMENT—TERMINATION.**

A contract between a client and an attorney, stipulating that the attorney shall prosecute a personal injury action for a contingent fee, is subject to the rule that a client may 'dismiss his attorney at will, and on his dismissal the attorney can recover only for the services actually rendered.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 114, 302, 352, 353.]

Appeal from Special Term, Kings County.

Action by Minnie Johnson against David Ravitch and others. From an order substituting other attorneys in the place of Alfred C. Cowan, attorney for plaintiff, he appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

William W. Goodrich, for appellant.

W. Lestor Womple, for respondent.

GAYNOR, J. The relation of attorney and client is one of the highest trust and confidence, and it is therefore the unquestioned rule that a client may change his attorney at will, cause or no cause.

This action is to recover damages for personal injuries by negligence, and the superceded attorney for the plaintiff brought it under an agreement with her that he was to receive 50 per cent. of any sum recovered by settlement or judgment. The cause was at issue and on the calendar of the Supreme Court in Kings county for trial. The practice of that court (well known to the bar) is to have a general call of its general calendar periodically on due notice of 500 causes, or less, in numerical order, to ascertain the causes ready for trial, and as a warning that they are about to reach the day calendar for trial. The causes marked off on such a call lose their priority over the causes marked ready. Upon such a call this cause was called and marked off for the reason that the plaintiff's attorney did not answer on the call. The result was to postpone the plaintiff's cause below 326 causes subsequent to her's on the calendar, and this would delay the trial of her cause some months, owing in some measure to the lack of trial judges.

Thereupon the plaintiff obtained an order to show cause on her affidavit why an order should not be made substituting other attorneys in the stead of her said attorney, and fixing his compensation "for services herein to date, and declaring said sum a first lien upon any recovery had in this action," her affidavit stating that she was without means to pay him presently.

No question was made that the attorney's compensation had to be fixed, nor is any such question made now; on the contrary, the fixing

of such compensation was voluntarily submitted to the court by both sides. The attorney therefore submitted his own and three other affidavits to the court below, reciting what had been done by him as attorney, and giving facts to excuse him in the matter of his said neglect, and to show that he had not been guilty of misconduct, all of which of course bore on the question of whether he was entitled to any compensation, and if so how much.

The learned judge below did nothing but decide the question submitted to him—he granted the order of substitution, fixing therein the amount to be paid the superceded attorney for his services at $50, and making the same a first lien on any recovery whether by settlement or judgment.

If we reverse the order it can only be on the ground that the amount allowed is too small. I do not see how we can say it was too small. The attorney had done practically nothing except draw the complaint and put the cause on the calendar. The learned judge below knew the attorney, was competent to put a true value on the service he had rendered, and it must not be overlooked that the case was submitted to him for that very purpose. The first point of the brief of the said attorney on this appeal is that he was not guilty of misconduct; the second is that "the court failed to protect" his interest; the third is that it erred in directing him to deliver the papers to his successors, for the reason that it thereby destroyed his lien; the fourth is that the order should be modified to the effect that his lien and contract "be in nowise impaired by this order, but remain in full force and effect;" and the last is the inconsistent one that the order be reversed, for which no reason is assigned at all. The order expressly gives the attorney a first lien, so that the request that it be so modified as to preserve his lien is needless, as is the case for the same reason with the point that his lien is destroyed by the direction to deliver over the papers. As to his contract, it is at an end, for the law will not permit him to be paid for services which he does not perform. The law is not so inconsistent, not to say unjust, as that. Every attorney enters into the service of his client subject to the rule that his client may dismiss or supercede him at will; and if he makes a contract for future services to his client, it is necessarily subject to such rule, and made with full knowledge that he may never perform such service, for the reason that his client may not keep him, and that in that event he will not be paid therefor, but will be entitled to compensation only for the services he has actually rendered.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements.   All concur.