(91 Misc. Rep. 473)

FRIEDMAN v. MINDLIN et al.

(City Court of New York, Special Term. August, 1915.)

1. ATTORNEY AND CLIENT ⬡➡75—SUBSTITUTION OF ATTORNEY—APPLICATION.

Plaintiff in a personal injury case agreed to pay his attorney a sum equal to one-half of any amount recovered, but refused to execute the papers necessary to consummate a settlement of the action. On an application by plaintiff for the substitution of an attorney, it appeared that plaintiff did not authorize the agreement for settlement, but that his attorney assumed that he would approve it, and, acting in entire good faith, did what he thought was for his client's best interest. *Held*, that plaintiff's application should be granted without prejudice to the attorney's claim under the contract for compensation, and without prejudice to his lien therefor.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 110–119; Dec. Dig. ⬡➡75.]

2. ATTORNEY AND CLIENT ⬡➡75—SUBSTITUTION OF ATTORNEY—TERMS.

While a litigant has a right to change his attorney at any time, even without a reason, an application for the substitution of an attorney will be granted only on such terms as are fair, where there was no misconduct or neglect by the present attorney.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 110–119; Dec. Dig. ⬡➡75.]

3. ATTORNEY AND CLIENT ⬥⟾144—EMPLOYMENT CONTRACT—AMOUNT OF COMPENSATION—POWER TO REDUCE.

Under Judiciary Law (Consol. Laws, c. 30) §§ 474, 475, relative to the right to contract as to an attorney's compensation and the lien therefor, where a contract of retainer fixes the amount of compensation of an attorney, who has not been guilty of misconduct or neglect, the court cannot even though the case has been settled, reduce the amount fixed by the contract.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 332, 333; Dec. Dig. ⬥⟾144.]

4. ATTORNEY AND CLIENT ⬥⟾144—EMPLOYMENT CONTRACT—PROTECTION OF RIGHTS.

A contract by which an attorney undertakes to conduct litigation is entire, and so long as he observes good faith he will be protected in his contractual rights.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 332, 333; Dec. Dig. ⬥⟾144.]

5. ATTORNEY AND CLIENT ⬥⟾134—COMPENSATION—RIGHTS OF ATTORNEY.

Where an attorney accepts a retainer, he takes the chances of his client's abandoning or settling the litigation, in which case, notwithstanding his contract, he can recover only the reasonable value of such services as he has actually performed; but, so long as he faithfully discharges his trust, he does not assume the risk of his client's discharging him at will, and then paying only for the services rendered up to the time of the discharge.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 301–304; Dec. Dig. ⬥⟾134.]

6. ATTORNEY AND CLIENT ⬥⟾147—CONTINGENT FEE—VALIDITY OF AGREEMENT.

An agreement for a contingent fee of one-half of the recovery is not unconscionable, where there is no fraud, and the nature of the claim does not show a disposition by the attorney to get an unfair advantage over his client.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 351; Dec. Dig. ⬥⟾147.]

Action by Jacob Friedman against Henry Mindlin and others, wherein plaintiff applies for the substitution of an attorney. Application granted.

Robert H. Ernest, of New York City, for plaintiff.
Moses Feltenstein, of New York City, for attorney.

ALLEN, J. [1] This is an application by the plaintiff for the substitution of an attorney instead of his present attorney, who commenced the action, which has been brought to recover damages for personal injuries alleged to have been sustained through the negligence of the defendants. The plaintiff agreed to pay his attorney for his services "a sum equal to one-half of any amount that may be recovered or paid upon said claim, whether by way of verdict, judgment, settlement, or otherwise." It is regrettable that a controversy of this character should arise; but it has arisen, and the plaintiff presses his application. I am accordingly called upon to determine it; and I will proceed to do so, without going into the question of the wisdom of the plaintiff's course.

⬥⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The attorney, while not objecting to the substitution, contends that an agreement has, with the plaintiff's authority, been reached for the settlement of the action for $1,300; that in reliance upon such agreement the cause was marked "Settled" when it appeared upon the day calendar; that the plaintiff, notwithstanding that he authorized the settlement, has refused to execute the papers necessary to consummate it; and that he should, under the contract of retainer, be paid the sum of $650 before the substitution is made. On the other hand, while the plaintiff, in his notice of motion, asks for an unconditional substitution, his counsel, upon the argument, asked that the court fix the attorney's compensation at a sum less than that called for by the contract of retainer, and that the substitution be directed without requiring payment in advance of the amount so fixed.

Though the plaintiff asserts other grievances against his attorney, such as his failure to sue for a sufficiently large amount, his failure to bring two actions, instead of one, his failure to remove this action to the Supreme Court, in consequence of the decision holding unconstitutional the statute purporting to increase the jurisdiction of this court to $5,000 (Lewkowicz v. Queen Aeroplane Co., 207 N. Y. 290, 100 N. E. 796), and his failure to more promptly bring this action to trial, I think it has been this proposition of settlement which has precipitated this application—the plaintiff claiming that he did not authorize the settlement and the attorney claiming that he did. Consequently, the question whether the plaintiff authorized such agreement becomes the determining factor upon the application; for, if he did authorize it, the attorney is entitled to be paid his proportionate share of the amount of the proposed settlement before the substitution is made; and, if he did not authorize it, his attorney is not entitled to be so paid as a condition precedent to the substitution.

I have been unable to determine to my satisfaction from the affidavits submitted whether the plaintiff authorized the settlement in question. Consequently, for the purpose of better satisfying myself upon this subject, without subjecting the parties to the expense and inconvenience of a reference, I have asked them to attend before me for examination, with which request they have readily complied; and, after hearing the testimony which has been adduced, I am of the opinion that the plaintiff did not authorize the agreement for the settlement, but, on the other hand, expressly objected to it, and that, consequently, he is not bound by it, though I am also of the opinion that his attorney assumed that he would approve it, and that he acted in entire good faith with, and did what he thought was for the best interests of, his client. Aside from the question of the weight to be given to the attorney's statement in this regard, since his interest has been bound up with that of his client, and since the amount of his compensation has been dependent upon the amount of the recovery, I am unable to believe that the attorney has not used his best efforts to serve his client faithfully.

[2] A litigant has the unquestioned right to change his attorney at any stage of the litigation, and for any reason, or without a reason, even at his caprice; but, in the absence of misconduct or neglect on

the part of the attorney, neither of which has been established here, the substitution will be directed only upon such terms as are fair to the attorney. Matter of Dunn, 205 N. Y. 398, 98 N. E. 914, Ann. Cas. 1913E, 536. The question then arises as what is fair to the attorney in this case.

[3] Section 474 of the Judiciary Law provides that:

"The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law."

And section 475 thereof provides that:

"From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come."

Therefore, where, as here, the contract of retainer fixes the amount of the attorney's compensation, and the attorney has not offended, either through misconduct or neglect, the court has not the power, even though the case is settled, to reduce the amount fixed by the contract. Murray v. Waring Hat Mfg. Co., 142 App. Div. 514, 127 N. Y. Supp. 78. Neither do I think that, upon such a situation, the court has the power to reduce such amount when the client dismisses or applies to the court for leave to change his attorney. Ransom v. Ransom, 147 App. Div. 835, 133 N. Y. Supp. 173; Martin v. Camp, 161 App. Div. 610, 146 N. Y. Supp. 1041. I realize that there is a difference of judicial opinion as to this latter view, as evidenced, for instance, in Johnson v. Ravitch, 113 App. Div. 810, 99 N. Y. Supp. 1059; and, so far as I am aware, the question has never been squarely passed upon by the Court of Appeals. It expressly declined to do so in Andrewes v. Haas, 214 N. Y. 255, 108 N. E. 423, where the question was not directly involved, and where, consequently, its determination was not necessary to the decision.

[4] Notwithstanding, however, the divergent views upon the subject, I am unable to see how a conclusion different from that which I have stated can be logically reached. The Legislature has provided that the compensation of an attorney is governed by contract which is not restrained by law; and the courts have held that a contract by which an attorney undertakes to conduct litigation for a client is entire. Bathgate v. Haskin, 59 N. Y. 533; Tenney v. Berger, 93 N. Y. 524, 45 Am. Rep. 263. If it is entire for the client, it should be held to be entire for the attorney. I do not see any reason why an attorney, so long as he observes good faith, should not be protected in his contractual rights as well as other persons. On account of their superior knowledge of their legal rights, attorneys are presumed to occupy a position of vantage in contracting with their clients. Because of this, and also because attorneys are officers of the court, contracts between attorney and client are upon grounds of public policy, subjected to judicial scrutiny, to the end that it may be ascertained whether the attorney has practiced fraud upon his client, or whether the very nature of the transaction indicates that the attorney has gained an unfair advantage over his client; but I think that this is as far as ju-

dicial authority may go in supervising such contracts, without depriving the attorney of rights conferred by statute and which are enjoyed by persons other than attorneys as a matter of course.

[5] An attorney, in accepting a retainer, must, upon grounds of public policy, take the chance of his client abandoning the litigation, in which case, notwithstanding his contract, he can recover only the reasonable value of such services as he has actually rendered (Andrewes v. Haas, 214 N. Y. 255, 108 N. E. 423), and of his client settling the litigation against his consent, to which, upon the same grounds, he will not be heard to object (Matter of Snyder, 190 N. Y. 66, 82 N. E. 742, 14 L. R. A. [N. S.] 1101, 123 Am. St. Rep. 533, 13 Ann. Cas. 441); but I do not think that, so long as he is faithful to his trust, he should be held to assume the risk of his client discharging him at will and then paying him only for the services rendered up to the time of the discharge. If his compensation is to be thus subjected to the whim of his client, then it is useless for him to contract at all, since all contracts of this character, whatever their form, would be only unilateral in effect. I do not think that the legal profession should thus be shorn of its dignity, or that justice should be thus denied to those who themselves minister at the altar of justice. Presumably, the client, in contracting for professional services to be paid for upon a contingent basis and at a definite amount, does so because he believes it to be to his interest to make such an arrangement. The mere fact that he may later desire to have another attorney does not, in my opinion, afford an adequate reason why he should be relieved from his bargain, so long as no improper advantage has been taken of him in making the contract and his attorney observes good faith towards him afterwards.

It may, upon the surface, seem a hardship for the client, upon taking a new attorney, to be called upon to pay the old one his stipulated fee, and, in addition, to pay the new attorney for such services as he may render; but this predicament results directly from his own voluntary act, and he cannot, consequently, find just cause for complaint. The hardship of such a situation is not, however, all on the side of the client; for, while the attorney is protected as to the percentage of his fee, he is, from necessity, called upon to yield his authority and to intrust his interests to the industry and skill of the new attorney. But this cannot be avoided; for, since the amount of his compensation is dependent upon the amount of the recovery, the former cannot be determined until the latter becomes known. Moreover, in a case such as this, the client could not usually furnish any security to the attorney in addition to that which is afforded by the cause of action itself; and, since that is all the security the attorney had in the beginning, he will be no worse off in this respect after the substitution than he was before. However this may be, the situation must be dealt with practically, with due regard to the rights of each party; and the circumstances are not susceptible of a better disposition.

Matter of Friedman, 136 App. Div. 750, 121 N. Y. Supp. 426, affirmed 199 N. Y. 537, 92 N. E. 1085, relied upon by the plaintiff as an authority for reducing the compensation fixed by contract, is not appli-

cable here; for, as there observed by the court, in that case the attorney, notwithstanding his contract, invoked the aid of the court in fixing the amount, and he was properly held to have been thereby estopped from objecting to the amount so fixed. Here the attorney stands upon his contract and claims the compensation thereby provided.

[6] Agreements for contingent fees are entirely meritorious. Without them, many a poor man's just claim would go unasserted. Consequently the attorney is not placed at a disadvantage because the contracts makes his compensation contingent 'upon the result. Fowler v. Callan, 102 N. Y. 395, 7 N. E. 169. In fact, the fee may be larger because contingent rather than absolute (Morehouse v. Brooklyn Heights R. Co., 123 App. Div. 680, 108 N. Y. Supp. 152, affirmed 195 N. Y. 537, 88 N. E. 1126); and an agreement for a contingent fee of one-half of the recovery is not, of itself, unconscionable, in the absence of fraud, or unless the nature of the claim is such as to evince the attorney's disposition to get an undue advantage over his client (Morehouse v. Brooklyn Heights R. Co., 195 N. Y. 537, 88 N. E. 1126; Matter of Fitzsimons, 174 N. Y. 15, 66 N. E. 554), which is not the situation here. In this connection it must be remembered that an attorney who takes a case upon such a basis may receive nothing as well as much, and that he, as well as others who assume hazards, is entitled to be compensated for his risk.

The motion for a substitution must be granted; and the attorney will be directed to turn over to the substituted attorney, within five days after the service of the order to be entered hereon, all of the papers in and relating to the action, including all papers containing the names and addresses of all witnesses and other information in his possession relating to the action, without prejudice, however, to his claim, under his contract, for one-half of such sum as may be recovered herein by way of verdict, judgment, settlement, or otherwise, and without prejudice to his lien therefor upon any such sum or upon the said papers.

Ordered accordingly.