**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 14 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARLOS L. DIAZ; MYRNA DIAZ,

      Plaintiffs - Appellants,

v.

THE PAUL J. KENNEDY LAW
FIRM; PAUL J. KENNEDY; MARY
Y.C. HAN, individually, jointly and
severally,

      Defendants - Appellees.

No. 01-2103

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CIV-00-735-PK/LFG)**

---

Submitted on the briefs:

Carlos L. Diaz and Myrna Diaz, pro se.

Paul J. Kennedy and Mary Y.C. Han, pro se.

---

Before **SEYMOUR** , **McKAY** , and **MURPHY** , Circuit Judges.

---

**McKAY** , Circuit Judge.

---

Plaintiffs Carlos L. and Myrna Diaz, proceeding pro se, brought suit against defendants Paul J. Kennedy and Mary Y.C. Han (attorneys and members of defendant The Paul J. Kennedy Law Firm) alleging violations of the federal Racketeer Influenced and Corrupt Organizations Act of 1970 (RICO) and asserting numerous state law claims. [1] The district court granted defendants' motion for summary judgment on all of plaintiffs' claims. Plaintiffs appeal and we affirm.

## BACKGROUND

Plaintiffs retained defendants in October 1999 to represent them in criminal cases filed in the New Mexico state court (Second Judicial District Court, County of Bernalillo). Plaintiffs were charged with aggravated battery, conspiracy, and tampering with the evidence, with possible firearm enhancements. Mr. Kennedy was to defend Carlos Diaz; Ms. Han was to defend Myrna Diaz. Defendants charged plaintiffs a flat fee of $15,000, or $7,500 each. There was no written fee agreement.

Plaintiffs, who alleged that they had acted in self-defense, became dissatisfied with defendants' representation. They were especially offended by

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

a recommendation to accept a plea offer which the defendants believed to be highly favorable. Defendants described the offer in a February 18, 2000 letter to plaintiffs: Carlos would plead guilty to several misdemeanors, "with virtually no chance that he would do any county time," and the case against Myrna would be dismissed. R., Tab 17, Ex. F at 1. Defendants' opinion was that, because both plaintiffs "may well be convicted and have to serve penitentiary sentences," it would be "foolish to turn down the plea offer." *Id.* The letter, however, recognized plaintiffs' previously-stated refusal to accept the offer.

Plaintiffs also disagreed with defendants' failure to inform them of the possibility of filing an *Ulibarri* motion, under which the criminal cases could be dismissed without prejudice. [2] Defendants' reasons for refraining from seeking an *Ulibarri* dismissal were that the district attorney would withdraw the plea offer and then re-indict defendants. In any event, defendants maintained that the motion could be filed as late as the morning of trial.

Plaintiffs rejected the plea offers, discharged defendants, and demanded the return of the $15,000 paid in fees, stating that the representation was ineffective

---

[2] *New Mexico v. Ulibarri*, 994 P.2d 1164 (N.M. Ct. App. 1999), aff'd, 997 P.2d 818 (N.M. 2000), established the rule that a prosecutor must strictly comply with statutory requirements to instruct the grand jury, on the record, of the essential elements of the charged offenses. *Id.* at 1169-70. When a case is dismissed for the prosecutor's failure to observe the requirements, dismissal is without prejudice. *Id.* at 1172. The court's holding was limited to pending and untried cases in the Second Judicial District. *Id.*

and marked by a lack of communication. They also filed *pro se* motions to dismiss under *Ulibarri*. Defendants filed motions to withdraw. At the hearing scheduled for the withdrawal motions, the court instructed Mr. Kennedy to argue the *Ulibarri* motions filed by defendants. The court granted the motions and dismissed the cases without prejudice. Thus, defendants' motions to withdraw were moot. Plaintiffs were subsequently re-indicted. [3]

Plaintiffs brought this action against defendants, alleging RICO violations and state-law claims of legal malpractice, breach of contract, negligent misrepresentation, indemnification, fraudulent misrepresentation and/or fraudulent concealment of material facts, extortion and/or threat of extortion, unjust enrichment, and intentional infliction of emotional distress. Defendants moved for dismissal or summary judgment, supporting their motion with affidavits, including the affidavit of an attorney stating his expert opinion that defendants breached no standard of care in their representation of plaintiffs.

---

[3]     At the time the district court made its summary judgment ruling in the instant case, the criminal charges were pending. In their appellate briefs, plaintiffs state that they were found not guilty after a jury trial and, as a consequence, they have brought a civil rights and malicious prosecution action against various State defendants. Plaintiffs now seek to add the state court judgment and the malicious prosecution complaint to the appellate record in this case. Because these documents were not in evidence before the district court, however, we will not consider them on appeal. *See John Hancock Mut. Life Ins. Co. v. Weisman*, 27 F.3d 500, 506 (10th Cir. 1994).

In response, plaintiffs generally argued against the grant of summary judgment, but did not provide the court with materials complying with Rule 56(e) of the Federal Rules of Civil Procedure. Additionally, they did not state why such materials were unavailable, as required by Rule 56(f). On defendants' request, the district court stayed discovery pending the resolution of the motion for dismissal or summary judgment.

In a thoughtful memorandum opinion and order, the district court analyzed plaintiffs' claims. First, the court determined that plaintiffs' RICO claim, the sole basis for federal jurisdiction, failed for lack of a showing that defendants engaged in racketeering activity or conspired to commit a racketeering act. *See* 18 U.S.C. § 1962 (requiring proof of a pattern of racketeering activity or, for a conspiracy claim, a showing of the existence of a conspiracy and commission of a racketeering act in furtherance of the conspiracy). The district court also exercised its supplemental jurisdiction and tested plaintiffs' state-law claims for the presence of disputed material facts. Because it concluded that plaintiffs had not shown the existence of a genuine issue of material fact on any of their claims, the court entered summary judgment in favor of defendants.

## DISCUSSION

On appeal, plaintiffs argue that: (1) they were "victim[s] of attorney corruption and [a] conspiracy" which included the magistrate judge, Appellants'

Br. at 3-4; (2) defendants "perpetuated fraud upon the Court" by emphasizing the criminal charges against plaintiffs, *id.* at 4; (3) the stay of discovery was unfair and prejudicial, *id.* at 4-5; and (4) the district court's summary judgment order is "largely a document of personal and conclusory opinion and is legally flawed," *id.* at 5. While plaintiffs' pro se pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, plaintiffs must nonetheless set forth sufficient facts to support their claims. *See Hall v. Bellmon*, 935 F.2d 1106, 1110-12 (10th Cir. 1991).

Plaintiffs' first two issues amount to ill-defined complaints about the circumstances leading to the district court's entry of summary judgment. We have reviewed the record in light of these issues, without seeing any indication that plaintiffs' allegations are valid.

We turn next to plaintiffs' attack on the district court's decision to stay discovery pending resolution of the summary judgment proceedings. A district court's discovery rulings are reviewed for an abuse of discretion. *See Munoz v. St. Mary-Corwin Hosp*., 221 F.3d 1160, 1169 (10th Cir. 2000). Plaintiffs did not inform the district court, with any specificity, how additional information would have helped them oppose defendants' motion for summary judgment. Furthermore, they did not even attempt to show reasons why they could not "present by affidavit facts essential to justify [their] opposition" to the summary

judgment motion. Fed. R. Civ. P. 56(f). We ascertain no abuse of discretion in the district court's discovery ruling.

Finally, we review the district court's grant of summary judgment de novo, "applying the same legal standard used by the district court. Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir. 1997) (citations omitted).

> To meet the burden of production required to support summary judgment, the movant need only point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law. Summary judgment will then lie if the movant establishes entitlement to judgment as a matter of law given [the] uncontroverted, operative facts. . . . Factual disputes that are irrelevant or unnecessary will not be counted.

> Where a movant has met the initial burden required to support summary judgment, the non-movant then must either establish the existence of a triable issue of fact under Fed. R. Civ. P. 56(e) or explain why he cannot . . . under Rule 56(f). Conclusory allegations made by a non-movant will not suffice. Instead, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein.

*Id.* at 1388-89 (citations and quotations omitted) (alterations in original).

We have carefully reviewed the district court's decision, the parties' briefs, and the record on appeal under the above standards. We are unpersuaded by plaintiffs' claims of error. In particular, we specifically hold that defendants'

letter advising plaintiffs to accept the offered plea bargain does not constitute an act of extortion or mail fraud.

Furthermore, plaintiffs have made no showing of either legal malpractice or a basis for discharging defendants for cause. Accordingly, under New Mexico law, defendants' retention of their agreed-upon flat fee does not give rise to a valid claim of unjust enrichment. The New Mexico Supreme Court has adopted the view that if the parties have reached a "contract of retainer [that] fixes the amount of the attorney's compensation, and the attorney has not offended, either through misconduct or neglect, the court has not the power, even though the case is settled, to reduce the amount fixed by the contract.'" *Walters v. Hastings*, 500 P.2d 186, 192 (N.M. 1972) (quoting *Friedman v. Mindlin*, 155 N.Y.S. 295, 298 (City Ct. of N.Y. 1915)). An attorney "'faithful to his trust'" does not "'assume the risk of his client discharging him at will and then paying him only for the services rendered up to the time of the discharge.'" *Id.* at 193 (quoting *Friedman*, 155 N.Y.S. at 299). Otherwise, it would be "'useless for [the attorney] to contract at all." *Id.* (quoting *Friedman*, 155 N.Y.S. at 299). [4]

---

[4] We recognize that courts of other jurisdictions have adopted a different rule concerning fees on termination of the client-lawyer relationship. According to section 40 of the *Restatement of the Law Governing Lawyers* (2000):

> If a client-lawyer relationship ends before the lawyer has completed the services due for a matter and the lawyer's fee has not
>
> (continued...)

For substantially the same reasons as those set forth in the district court's memorandum opinion, dated February 27, 2001, we determine that summary judgment was the proper disposition of plaintiffs' case.

AFFIRMED.

---

[4](...continued)
> been forfeited [for clear and serious violation of a duty to the client]:
>
> (1) a lawyer who has been discharged or withdraws may recover the lesser of the fair value of the lawyer's services . . . and the ratable proportion of the compensation provided by any otherwise enforceable contract between lawyer and client for the services performed; except that
>
> (2) the tribunal may allow such a lawyer to recover the ratable proportion of the compensation provided by such a contract if:
>
> (a) the discharge or withdrawal is not attributable to misconduct of the lawyer;
>
> (b) the lawyer has performed severable services; and
>
> (c) allowing contractual compensation would not burden the client's choice of counsel or the client's ability to replace counsel.

This, however, is not the law in New Mexico.