**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 12 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HARLEY R. LYONS, also known as
H. Ray Lyons,

       Plaintiff - Appellant,

v.

RED ROOF INNS, INC.,

       Defendant - Appellee.

No. 04-1275
(D.C. No. 03-D-91(CBS))
(D. Colo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **LUCERO** , **McKAY** , and **ANDERSON** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Harley R. Lyons, proceeding pro se, appeals the district court's grant of summary judgment in favor of his former employer, defendant-appellee Red Roof Inns, Inc. (RRI), on his claims that RRI engaged in reverse gender and racial discrimination in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e-2(a)(1). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Lyons is a white male. Lyons was employed by RRI from July 23, 2000 to January 8, 2001, working as a guest services representative and a night auditor at RRI's hotel #239 in Colorado Springs, Colorado. RRI terminated Lyons' employment on January 8, 2001 because he had allegedly violated RRI's payment and check acceptance policies on several occasions. *See* R., Doc. 24, Ex. C. Lyons claims that RRI terminated him "with intent to discriminate because of his race/color (Caucasian/White), and his sex (male)." *Id.*, Doc. 15 at 1.

"In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 . . . (1973), the Supreme Court established a three-part paradigm for evaluating Title VII disparate treatment claims." *Notari v. Denver Water Dep't*, 971 F.2d 585, 588 (10th Cir. 1992).

> *McDonnell Douglas* first requires the aggrieved employee to establish a prima facie case of prohibited employment action. The burden of establishing a prima facie case by a preponderance of the evidence is not onerous. Furthermore, this burden is one of production, not persuasion; it can involve no credibility assessment. If the employee makes a prima facie showing, the burden shifts to the

defendant employer to state a legitimate, nondiscriminatory reason for its adverse employment action. If the employer meets this burden, then summary judgment is warranted unless the employee can show there is a genuine issue of material fact as to whether the proffered reasons are pretextual.

*Plotke v. White*, __ F.3d __, 2005 WL 984363, at *5 (10th Cir. April 28, 2005) (quotations and citations omitted).

As determined by the magistrate judge, "Lyons' allegation that he was subjected to disparate treatment because he is a white male is subject to a reverse discrimination analysis." R., Doc. 41 at 3. As a result, in evaluating Lyons' prima facie showing under the *McDonnell Douglas* paradigm, the magistrate judge was required to apply the standards that this court adopted in *Notari*. Under *Notari*, for a reverse discrimination claimant to establish a prima facie case of discrimination, the claimant must "establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority." *Notari,* 971 F.2d at 589. "Alternatively, a reverse discrimination plaintiff may satisfy the first prong of *McDonnell Douglas* by presenting 'indirect evidence sufficient to support a reasonable probability, that but for the plaintiff's status the challenged employment decision would have favored the plaintiff.'" *Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004) (quoting *Notari*, 971 F.2d at 590).

The magistrate judge concluded that "Lyons fail[ed] to make . . . a prima facie case because there is insufficient evidence that: (1) RRI is one of those unusual employers who discriminates against white males; or (2) if Lyons were not a white male, RRI would not have terminated him from his job." [1] R., Doc. 41 at 5. The magistrate judge therefore recommended to the district judge that RRI's motion for summary judgment be granted. The district judge adopted the magistrate judge's recommendation and entered judgment in favor of RRI.

"We review the grant of summary judgment de novo applying the same standard as the district court embodied in Rule 56(c)." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). Under Rule 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In applying this standard, we view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Adler*, 144 F.3d at 670. We also construe Lyons' pro se pleadings liberally. *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). Nonetheless, Lyons must set forth

---

[1] The magistrate judge also concluded that, even if Lyons had made out a prima facie case of reverse discrimination, RRI was still entitled to summary judgment because Lyons "failed to demonstrate that RRI's articulated reasons for terminating him are pretextual or unworthy of belief." R., Doc. 41 at 12. We do not need to address this aspect of the magistrate judge's analysis, however, as we agree with the magistrate judge that Lyons failed to make out a prima facie case of reverse discrimination.

sufficient facts to support his claims, *id.*, and "[c]onclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment," *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003) (quotation omitted).

Having conducted the required de novo review, we conclude that Lyons failed to put forth sufficient evidence to establish a prima facie case of reverse discrimination. First, for substantially the same reasons set forth in the magistrate judge's recommendation, we conclude that Lyons failed to put forth sufficient evidence to establish that RRI is one of those unusual employers who discriminates against white males. *See* R., Doc. 41 at 5-6.

Second, we also agree with the magistrate judge that Lyons failed to put forth sufficient evidence to establish that, but for his status as a white male, RRI would not have terminated his employment. Specifically, we agree with the following analysis of the magistrate judge:

> [T]he evidence indicates that Lyons was terminated . . . for repeated failure to follow RRI payment policy procedures and check acceptance policies . . . .
>
> . . . Lyons has not presented evidence that similarly situated minority or female employees were treated any differently than him. . . .
>
> There is no evidence that other RRI employees were similarly situated to Lyons regarding their job performance. Lyons contends that he was disciplined more harshly than a white female GSR, Ashlee Stroup, for the same conduct. However, unlike Ms. Stroup,

Lyons repeatedly accepted *personal* checks from guests who did not have RediCards, causing financial loss to RRI. Ms. Stroup accepted one government voucher on or about December 11, 2000. Ms. Stroup was verbally counseled about accepting the government voucher.

Lyons complains that Ms. Stroup was not disciplined for accepting a "Social Services check" on or about January 4, 2001. Acceptance of this government check did not violate RRI's policies. There is no evidence that Ms. Stroup committed any more than a single violation of RRI's payment policies. Lyons has not presented any evidence that Ms. Stroup accepted the same kind of checks that he accepted. Lyons has not presented any evidence that Ms. Stroup or any other employee accepted personal checks from guests *who did not have RediCards*. The evidence shows that Lyons accepted at least three personal checks from guests without noting a RediCard number.

*Id.* at 7-9 (quotation, citations, and footnote omitted). [2] We also reject Lyons' claim that RRI discriminated against him by failing to adequately train him, as we agree with the magistrate judge that "Lyons has not presented any evidence that similarly situated females or minority employees were provided more training than he was provided." *Id.* at 9.

In his opening brief, Lyons claims that he submitted documentation to the district court showing that "nine other [RRI] employees on thirty separate occasions in the year 2000 performed their jobs in the same manner as Lyons did of accepting a personal check from a Non-RediCard member as form of payment

---

[2] "A RediCard is a preferred customer program which entitles a guest [at RRI] to special privileges, including the ability to write a personal check." R., Doc. 24, Ex. E at 2, ¶ 10.

for a hotel room." Aplt. Opening Br. at 2, 5. To support this allegation, Lyons refers to Exhibit 9 to the supplemental response brief that he filed in opposition to RRI's motion for summary judgment. *Id.* at 5; *see also* R., Doc. 33, Ex. 9. Exhibit 9 contains documents showing RRI customer payment information for the year 2000 for hotel #239, and it was produced to Lyons by RRI during discovery after the magistrate judge ordered RRI "to produce documents for the year 2000 which are records showing those occasions where non-Redi-card members paid by personal check without prior approval or without submitting their check in advance." R., Doc. 30 at 2.

Lyons is correct that Exhibit 9 appears to show that other RRI employees at hotel #239 accepted personal checks from customers in 2000. But the documents in Exhibit 9 do not conclusively show that the customers who paid with personal checks were not RediCard members. In fact, Lyons himself pointed out this deficiency to the magistrate judge at a discovery/status conference that was held shortly before the magistrate judge entered his recommendation on RRI's summary judgment motion. *See* R., Doc. 40 at 1-7. The magistrate judge declined to grant Lyons any relief with respect to the documents contained in Exhibit 9, however, *id.*, Doc. 32 at 1-2, and Lyons never asked the district judge to reconsider the magistrate judge's pretrial rulings concerning Exhibit 9. *See* 28 U.S.C. § 636(b)(1)(A) (providing that a judge of the district court may reconsider

a magistrate judge's ruling on a nondispositive pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); Fed. R. Civ. P. 72(a) (same). Likewise, Lyons failed to assert any objection concerning Exhibit 9 when he objected to the magistrate judge's recommendation on RRI's motion for summary judgment. [3] R., Doc. 42. Consequently, Lyons has waived any objection that he has to the documents contained in Exhibit 9, and the documents cannot be used to support his prima facie case since they are inconclusive on the RediCard issue. [4]

---

[3] Instead, on the same day that he filed his supplemental response brief in opposition to RRI's summary judgment motion, Lyons filed a separate pleading in the district court entitled "Plaintiff's Reply to Defendant's Third Amended Responses to Plaintiff's Rule 34 F.R.C.P. Request for Production of Documents." R., Doc. 34. In this reply, Lyons stated that the documents in Exhibit 9 "do not indicate non Redi-Card members or the type of check the guest paid with." *Id.* at 1. Lyons therefore requested that RRI "indicate in writing which guests in the documentation provided are non Redi-Card members paying by personal check." *Id.* RRI never responded to the latter request, however, and Lyons' request was not a proper discovery request under the Federal Rules of Civil Procedure. In addition, Lyons made his request after the district court's discovery cutoff had expired, and he never sought to extend the discovery cutoff for purposes of supplementing the documents in Exhibit 9.

[4] We also note that the affidavit of Lyons' wife, who was employed at the same RRI hotel where Lyons worked, is also deficient for purposes of providing evidence concerning the RediCard issue. In her affidavit, Ms. Lyons stated that "[d]uring the year 2000, while working for Red Roof Inns, I accepted many checks as form of payment on a room. I took in personal checks and business checks." R., Doc. 29, Ex. 2 at 1, ¶ 6. Ms. Lyons did not state that the checks were from non-RediCard members, however.

Finally, we conclude that the magistrate judge correctly determined that Lyons failed to put forth sufficient evidence to show that he was the victim of reverse racial discrimination because RRI hired Paul Taylor, an African-American male, to replace him. As summarized by the magistrate judge,

> The evidence in the record allows at most the inference that Mr. Taylor was hired because he needed a job and based on his acquaintance with [Lyons' supervisor], not because of intentional discrimination against Lyons because he is a white male. Viewed in the light most favorable to Lyons, the evidence shows no more than Lyons' personal belief that he was subjected to illegal discrimination because Taylor is black and he is white.

R., Doc. 41 at 10 (citation omitted). We further conclude that the magistrate judge correctly determined that Lyons failed to assert a state-law claim for wrongful termination in the proceedings before the district court. *Id.* at 12 n.2. We thus reject Lyons' claim that the district court erred because his "claim for wrongful termination was not addressed in the final judgment." Aplt. Opening Br. at 4.

The judgment of the district court is AFFIRMED. Lyons' motion to file corrected opening and reply briefs is GRANTED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-9-