**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MIGUEL LOPEZ-BIGNOTTE,

  Plaintiff - Appellant,

v.

[NFN] ONTIVERO, EFRAIN
QUIHUIS, and [NFN] BARRIGA,
Officers, United States Prison-
Leavenworth,

  Defendants - Appellees.

No. 01-3208

(D. Kansas)

(D.C. No. 97-CV-3506-MLB)

---

ORDER AND JUDGMENT *

---

Before **MURPHY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Miguel Lopez-Bignotte ("Plaintiff") is an INS detainee who was housed at the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth"). On August 10, 1996, Plaintiff was attacked by another prisoner and severely cut with a razor blade. Thereafter, Plaintiff brought this suit against three USP Leavenworth employees (collectively "Defendants"), citing multiple grounds for jurisdiction and alleging that Defendants violated his "civil and constitutional rights." Compl. at 1, Doc. 3, R. Vol. I. Plaintiff specifically alleged, in an unverified Complaint, that he repeatedly made Defendants aware that he felt threatened by the other prisoner and that Defendants failed to move him to another cell-block or otherwise protect him from harm.

Defendants filed a motion for summary judgment with supporting affidavits, asserting in relevant part that all of Plaintiff's material factual allegations were false and that Defendants were therefore entitled to summary judgment. While Defendants acknowledged that the attack occurred, they averred that the actionable allegations in Plaintiff's unverified Complaint conflicted with his original version of the events leading to the attack as he relayed them to USP Leavenworth employees immediately after the attack and for almost a year thereafter. According to Defendants, Plaintiff's initial version, as shown in official prison records, does not allege that he made any complaint whatsoever to Defendants or any other corrections personnel that he felt threatened by the

inmate in question, or that he needed protection from harm by that or any other inmate. Defendants contended that after the attack Plaintiff asserted only that the other prisoner attacked him because the other prisoner saw him speaking with a prison guard on the morning of the attack and believed that he informed the guard of the other prisoner's continued involvement in gang activity. Defendants further contended that it was not until almost a year after the attack that Plaintiff changed his story, claiming that he feared the other prisoner for a period of time prior to the attack, that he complained to the guards that he was in danger, and that the guards failed to protect him from the other prisoner. In their affidavits, Defendants specifically deny that they received any such complaints from Plaintiff or that any official prison record exists showing such a complaint. As to the supposed copies of such records attached to Plaintiff's unverified Complaint, Defendants assert, under oath, that those papers have been falsely created, after the fact, for purposes of suit.

Plaintiff failed to respond to Defendants' motion or their sworn allegations with respect to his original version of events and the subsequent changes in his story. Instead, Plaintiff chose to file his own motion for declaratory or summary judgment based on his unverified Complaint. Plaintiff's motion was not supported by any affidavits. Approximately ten months later, when Plaintiff still had not responded to the Defendants' motion for summary judgment, the district

court admonished Plaintiff to file a response in compliance with the federal and local rules within thirty days, [1] directed the clerk to provide Plaintiff with a copy of all applicable rules, and expressly warned Plaintiff that his pro se status did not excuse him from compliance with such rules. See Mem. & Order at 1-2, Doc. 43, R. Vol. I. Plaintiff did not respond. Rather, he filed yet another non-complying motion, once again for judgment on his unverified "pleadings," and, presumably, the Defendants' responses.

---

[1]The district court cited Fed. R. Civ. P. 56 and Rule 56.1 of the Rules of Practice of the United States District Court for the District Court of Kansas. Federal Rule 56(e) specifically states:

> When a motion for summary judgment is made and supported [by affidavit], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, may be entered against the adverse party.

Similarly, Kansas Rule 56.1(b) requires:

> A memorandum in opposition to a motion for summary judgment shall begin with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be numbered by paragraph, shall refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, shall state the number of movant's fact that is disputed. . . . If the party opposing summary judgment relies on any facts not contained in movant's memorandum, that party shall set forth each additional fact in a separately numbered paragraph, supported by references to the record. . . .

More than two months later, based on Plaintiff's continued failure to properly respond to the Defendants' motion for summary judgment, the district court dismissed his claims with prejudice. The district court cited Plaintiff's repeated failure to follow the applicable rules despite the court's express order, concluding that "any further effort to compel plaintiff to put his submissions in a form which would permit the court to decide the case would be futile and an unwarranted waste of the court's and defendants' time." Mem. & Order at 2, Doc. 47, R. Vol. I. Alternatively, the district court "agree[d] with defendants' assertion that plaintiff cannot recover as a matter of law," apparently concluding, based on the uncontroverted evidence in the Defendants' affidavits, that Plaintiff could not prove the required elements of his claims.    Id.

Plaintiff appeals from that order. Similar to his non-responsiveness in the district court, Plaintiff completely fails to address the grounds actually supporting the district court's judgment. Rather, he raises an entirely irrelevant jurisdictional argument, re-asserting the allegations contained in his unverified Complaint and contending that the district court erroneously treated his claim as one arising under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), rather than the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80. The only issue even arguably before us, however, is whether the district court erred in dismissing Plaintiff's claims, either as a sanction for Plaintiff's failure to

-5-

properly respond to Defendants' motion for summary judgment, or because Defendants were in fact entitled to have their motion for summary judgment granted.

We review for abuse of discretion a district court's dismissal based on a plaintiff's failure to comply with the applicable rules. Hancock v. City of Oklahoma City , 857 F.2d 1394, 1395 (10th Cir. 1988). Although we recognize that dismissal is a drastic sanction, it is appropriate in cases of willful misconduct. See Ehrenhaus v. Reynolds , 965 F.2d 916, 920 (10th Cir. 1992). A "willful failure" is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp. ), 817 F.2d 625, 628-29 (10th Cir. 1987) (quotation omitted).

Before dismissing an action as a sanction, the court should examine: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Ehrenhaus , 965 F.2d at 921 (citations and quotations omitted). Not all of these factors need be considered in every case, however, because "often some of these factors will take on more importance than others." Id. at 922.

-6-

Before it dismissed Plaintiff's claims in this case, the district court informed him that he was required to fully comply with all federal and local rules and that his pro se status did not excuse such compliance. It then specifically instructed him on how to respond to Defendants' motion for summary judgment and provided him a copy of the applicable rules. It was only after Plaintiff failed to adhere to these clear mandates that the district court dismissed Plaintiff's case, [2] concluding that Plaintiff had "completely disregarded the court's order" and that further indulgence would be a "futile . . . waste . . . of . . . time." Mem. & Order at 1-2, Doc. 47, R. Vol. I. Although the district court did not expressly warn Plaintiff that his failure to comply would result in dismissal, or expressly consider less severe sanctions on the record, we nonetheless conclude that the district court sufficiently applied the Ehrenhaus factors and did not abuse its discretion.

Alternatively, we conclude that the district court correctly granted Defendants' motion for summary judgment. In considering a motion for summary judgment the court must examine all of the evidence in the light most favorable to the nonmoving party. Reazin v. Blue Cross & Blue Shield of Kansas, Inc., 899 F.2d 951, 979 (10th Cir. 1990). Where the moving party does not bear the burden of proof on the relevant issue, however, it is required to demonstrate only "that

---

[2]This dismissal occurred only after Plaintiff failed to properly respond to the Defendants' motion for summary judgment for over a year, ignoring the district court's express orders to do so for more than two months.

there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Where the moving party meets this initial burden, the nonmoving party has the obligation to "set forth specific facts showing that there is a genuine material issue for trial," and cannot simply rest on the unverified allegations of its pleadings. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Where the nonmoving party fails to meet these obligations, summary judgment in the moving party's favor may be appropriate. See Rule 56(e), supra note 1.

Here, Plaintiff failed to file a complying response to Defendants' motion for summary judgment. Specifically, Plaintiff did not file any affidavits or submit any other admissible evidence to refute the affidavits filed by Defendants in support of their motion for summary judgment, cf. Parkinson v. The Calif. Co., 233 F.2d 432, 438 (10th Cir. 1956) (stating that a plaintiff cannot rely solely on an unverified complaint, and that summary judgment is proper where a plaintiff fails to challenge the affidavits or other proof filed by a defendant in support of its motion), nor did he seek a continuance or other relief under Fed. R. Civ. P. 56(f). [3] Accordingly, having reviewed the record de novo, see Diaz v. The Paul J.

_____

[3]Rule 56(f) specifically states as follows:

Should it appear from the affidavits of a party opposing the motion
that the party cannot for reasons stated present by affidavit facts

(continued...)

-8-

Kennedy Law Firm, 289 F.3d 671, 674 (10th Cir. 2002), we conclude that the district court properly granted Defendants' motion for summary judgment.

For the foregoing reasons, the district court's judgment is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3](...continued)
essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.