**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BOOKER T. SMITH,

        Plaintiff-Appellant,

v.

JAMES G. ROCHE, Secretary,
Department of the Air Force,

        Defendant-Appellee.

No. 01-6397
(D.C. No. CIV-01-632-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** and **HOLLOWAY** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Booker T. Smith, proceeding pro se on appeal, challenges the district court's entry of summary judgment against him on his claims of race discrimination and reprisal, brought under Title VII, 42 U.S.C. § 2000e-2. He also asserts, contrary to the district court's determination, that he did not abandon his claim of sex discrimination. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Background

Mr. Smith, a civilian employee of the Department of the Air Force, applied for a promotion. He is an African-American. The promotion was awarded to a white female, Doris Acton. The candidates were interviewed by a panel of three led by Dick Moore, who was the selecting official. The interview scores were then included on a matrix that tabulated various factors. The matrix was based on preexisting rating values imposed on Mr. Moore by his supervisor. The person with the highest score on the matrix received the promotion. Mr. Smith alleged that Mr. Moore told him that he was a strong candidate and that Ms. Acton was unlikely to be chosen. He asserted that after the promotion was awarded, Mr. Moore indicated that his boss had told him to promote Ms. Acton. He further alleged that the interview scores and the numbers on the matrix were manipulated to favor Ms. Acton. He claimed the selection was based improperly on race because, at the time, there were no African-Americans in the department in which

-2-

the promotion was offered.  For his reprisal claim, Mr. Smith alleged that he received a less favorable job performance evaluation after he filed his complaint.

The district court first granted Mr. Smith's motion to dismiss his sex discrimination claim.  Then the court granted summary judgment in defendant's favor on the race discrimination and reprisal claims, holding that Mr. Moore's comments about Ms. Acton were expressions of his personal opinion that did not demonstrate direct evidence of intentional discrimination.  The court then held that Mr. Smith could not prevail on circumstantial evidence of discrimination.  Applying the McDonnell Douglas [1] burden-shifting scheme, the district court held that Mr. Smith had presented a prima facie case, that defendant had produced a legitimate, nondiscriminatory reason for promoting Ms. Acton over Mr. Smith, and that Mr. Smith had not produced any evidence that the proffered reason was unworthy of belief.  Finally, the district court granted summary judgment to defendant on Mr. Smith's reprisal claim because the lower job performance evaluation occurred before he filed his discrimination complaint, a finding that he does not challenge on appeal.

On appeal, Mr. Smith maintains that he did not withdraw his sex discrimination claim.  He also claims the discrepancies, inconsistencies and contradictions in the sworn statements given by Mr. Moore and the other members

---

[1]    McDonnell Douglas Corp. v. Green , 411 U.S. 792 (1973).

of the interview panel undermine their credibility and motives. He contends that the evidence shows that defendant manipulated the scores in the matrix to favor the selection of a white female and that defendant's failure to produce the original, signed interview score sheets supports his claim that the scores were falsified. He asserts that he was entitled to a jury trial to bring out the facts to support his claims.

Analysis

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Because plaintiff is representing himself on appeal, his pleadings will be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even so, "plaintiff[] must nonetheless set forth sufficient facts to support [his] claims." Diaz v. Paul J. Kennedy Law Firm, 289 F.3d 671, 674 (10th Cir. 2002) (citing Hall v. Bellmon, 935 F.2d 1106, 1110-12 (10th Cir. 1991)).

We address first Mr. Smith's claim that the district court erred in dismissing his sex discrimination claim because he did not request its dismissal.

-4-

On the contrary, plaintiff's response to defendant's motion to dismiss contains a clear statement withdrawing the claim because he failed to exhaust administrative remedies. R. doc. 5, at 7 ("[P]laintiff did fail to exhaust his administrative remedies in a timely manner; therefore, any reference to sex discrimination in this lawsuit should be dismissed."). Moreover, plaintiff makes no argument that he exhausted his administrative remedies or that the decision to promote Ms. Acton was based impermissibly on gender. Accordingly, the district court properly dismissed Mr. Smith's sex discrimination claim.

Mr. Smith's race discrimination claim is based on his belief that the interview panel members, Mr. Moore, and Mr. Moore's supervisor falsified the interview scores and the data on the matrix to favor Ms. Acton over him. He has produced no evidence of any improper manipulation, however. Conclusory allegations not supported by evidence are insufficient to resist summary judgment. See Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996). Therefore, because Mr. Smith has produced no evidence to support this claim, summary judgment was proper. See Celotex Corp., 477 U.S. at 322 (holding summary judgment will be granted to defendant if plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

Mr. Smith's claim that he was entitled to a jury trial in order to bring out the facts supporting his claims misapprehends the purpose of summary judgment, which is to evaluate whether a trial is necessary. See White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995). Accordingly, "the nonmoving party must, at a minimum, direct the court to *facts* which establish a genuine issue for trial. In the face of a properly supported motion for summary judgment, the nonmoving party may not rely upon unsupported allegations without 'any significant probative evidence tending to support the complaint.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 259 (1986)) (further quotation omitted). Mr. Smith's reliance on his unsupported allegations cannot defeat summary judgment.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge