**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRIAN L. BROWN,

     Plaintiff-Appellant,

  v.

M. EARDLEY, Senior Correctional
Officer, USP-Leavenworth; (FNU)
SEMICK, Facility Lieutenant,
USP-Leavenworth; (FNU) GALLY,
Correctional Officer,
USP-Leavenworth; (FNU) MULLINS,
Correctional Officer,
USP-Leavenworth; (FNU) ASHMAN,
Unit Manager, UPS-Leavenworth;
(FNU) HOWARD, Correctional
Counselor, USP-Leavenworth; G. ,
Case Manager, USP-Leavenworth;
(FNU) CAVAJAL, Facility Captain,
USP-Leavenworth; (FNU)
NITCHELS, Former Associate
Warden, USP-Leavenworth; HELEN
MARBERRY, Former Associate
Warden, USP-Leavenworth; (FNU)
MELDNER, Unit Manager,
USP-Leavenworth; (FNU) GOODIN,
Special Investigator,
USP-Leavenworth; (FNU) ROSALUS,
Special Investigator,
USP-Leavenworth; (FNU) LACY,
Disciplinary Judge, USP-Leavenworth,

     Defendants-Appellees.

No. 05-3174
(D.C. No. 04-CV-3216-JWL)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **PORFILIO, BALDOCK**, and **EBEL**, Circuit Judges.

Plaintiff Brian L. Brown, a federal prisoner proceeding pro se, appeals the district court's order dismissing his claims of cruel and unusual punishment against federal prison personnel, brought pursuant to *Bivens v. Six Unkown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The district court ruled that dismissal was required because Mr. Brown had not exhausted his administrative remedies by completing the prison grievance procedures. Mr. Brown then filed a motion to reconsider, which the district court denied. We affirm.

### *Appellate Jurisdiction*

We have appellate jurisdiction only over the district court's order dismissing Mr. Brown's claims. While his motion for reconsideration was

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pending, Mr. Brown filed a notice of appeal from the judgment of dismissal. He did not file a new or amended notice of appeal after the district court entered the order denying reconsideration. Accordingly, we do not have jurisdiction over the order denying reconsideration. Fed. R. App. P. 4(a)(4)(B)(ii); *Anderson v. State Farm Mut. Auto. Ins. Co.*, 416 F.3d 1143, 1147 (10th Cir. 2005).

*Background*

Mr. Brown filed several prison grievances alleging that prison officials harassed and injured him. The district court determined that he had not fully exhausted any of the grievances. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004) (holding that Prison Litigation Reform Act 42 U.S.C. § 1997e(a) contains "a total exhaustion requirement;" accordingly, where complaint contains unexhausted claims, district court is required to dismiss entire action). Consequently, the district court dismissed the complaint.[1]

On appeal, Mr. Brown asserts (1) he followed the prison grievance procedures dictated by 28 C.F.R. § 542.18 for emergencies, and he should be excused from complying with the filing deadlines because prison officials did not respond to his emergency grievances within the time provided by that section, (2) under *Rhines v. Weber*, 544 U.S. 269 (2005), the district court should not have dismissed his case, but should have granted him an opportunity to exhaust his

---

[1] The district court also ruled on various other motions, none of which are before us in this appeal.

administrative remedies, (3) prison officials had a deliberate practice of failing to process grievances in a timely manner, thus excusing him from complying with the required time limits, (4) prison officials' instructions on how to meet time deadlines were so unclear and confusing as to excuse him from complying with the required time limits, and (5) although a prisoner's untimely filing may be excused if the Bureau of Prisons provides a letter stating that the delay was not the prisoner's fault, prison staff refused to provide these letters.

*Legal Framework*

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). Federal prisoners are required to follow a four-step grievance procedure. 28 C.F.R. §§ 542.13 - 542.18; *Yousef v. Reno*, 254 F.3d 1214, 1220 (10th Cir. 2001). The plaintiff bears the burden of establishing exhaustion. *Steele v. Fed. Bur. of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003).

"We review *de novo* a district court's dismissal of an inmate's suit for failure to exhaust his or her administrative remedies." *Patel v. Fleming*, 415 F.3d 1105, 1108 (10th Cir. 2005). Plaintiff is representing himself on appeal so his

pleadings will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Although we construe liberally Mr. Brown's pro se pleadings and hold them to a "less stringent standard than formal pleadings drafted by lawyers, [he] must nonetheless set forth sufficient facts to support [his] claims." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110-12 (10th Cir. 1991)). Moreover, this court generally does not address issues that were not presented to the district court. *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003).

*Discussion*

Mr. Brown first asserts that his prison grievances were exhausted fully under 28 C.F.R. § 542.18. He argues that because his grievances were emergencies, the warden's response was required within three days, rather than twenty calendar days. He relies on the following language of § 542.18: "If the [Administrative Remedy] Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing." The warden did not respond within three days of the date he filed any of his six grievances. Therefore, according to Mr. Brown, he is excused from complying with the grievance procedure time limits.

We need not address how § 542.18's provision for treatment of an emergency grievance should be applied because even if it should have been applied to

-5-

Mr. Brown's grievances, he was still required to exhaust fully those grievances. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (holding "inmate who begins the grievance process but does not complete it is barred from pursuing a [civil rights] claim under PLRA for failure to exhaust his administrative remedies"). Mr. Brown does not claim that he exhausted his grievances according to the procedures mandated by 28 C.F.R. §§ 542.13 through 542.18. Accordingly, we affirm the district court's order dismissing Mr. Brown's claims for failure to exhaust administrative remedies.

Mr. Brown next argues that the district court should not have dismissed his case but, instead, should have permitted him to exhaust his prison grievance remedies. He asserts that under *Rhines v. Weber*, 544 U.S. 269 (2005), the district court had the discretion to hold his case open until his claims were exhausted. *Rhines* is inapposite. It addresses "the problem of a 'mixed' petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." 544 U.S. at 271. The district court correctly dismissed Mr. Brown's claims pursuant to *Ross*, which requires a district court to dismiss the entire action without prejudice when the complaint includes unexhausted claims. *Ross*, 365 F.3d at 1189.

Finally, Mr. Brown argues that he should be excused from the exhaustion requirement because prison officials (1) engaged in a deliberate practice of failing

-6-

to process grievances in a timely manner, (2) did not clearly instruct him on how to meet the filing deadlines, and (3) refused to prepare the necessary letters to explain that the filing delays were not his fault. We do not address the merits of these arguments because they were not presented to the district court or they were raised for the first time in the post-judgment motion to reconsider. As noted above, we decline to consider issues not presented to the district court, and we have no jurisdiction to review the order denying reconsideration. In making this determination, we have carefully reviewed the record on appeal, particularly documents 91 and 92, which are Mr. Brown's response and brief in opposition to defendants' motion to dismiss.

The district court granted Mr. Brown's motion to proceed without prepayment of costs and fees. He is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge